# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

SHANNON KRAESE, )
         )
  Plaintiff, )
         )
v. )    CV417-166
         )
JIALIANG QI and GD TOUR INC., )
         )
  Defendants. )

## ORDER

Before the Court Plaintiff's Motion for Leave to Amend the Scheduling Order. Doc. 48. The Court's initial scheduling order was modified in April 30, 2018 and required that discovery conclude on June 4, 2018. Doc. 34. Plaintiff would then disclose their experts by June 11, 2018 with depositions of those experts to occur by July 11, 2018. *Id.* Defendants would then disclose their experts on July 18, 2018 and depositions on those experts would be conducted by August 17, 2018. *Id.* On October 12, 2018 the parties requested that the Court re-open discovery and extend the deadlines to disclose experts. Doc. 38. The Court granted that request and extended discovery through January 9, 2019, and extended all further deadlines commensurately. Doc. 39.

Thus, plaintiff's expert disclosures were due on January 16, 2019, and defendant's expert disclosures were due on February 22, 2019.

Plaintiff now requests—out of time—that the Court extend the deadlines for plaintiff's disclosures to March 30, 2019 and defendant's disclosures to April 13, 2019. Doc. 48 at 2. Defendant objects arguing that it would be prejudicial to allow plaintiff to disclose an expert at this juncture in the case. Doc. 50.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (*quoting* Fed. R. Civ. P. 16 Advisory Committee's Note (1983 Amendment)). "To show Rule 16(b) good cause, the movant must demonstrate that the scheduling deadline could not have been met despite his diligent efforts to do so." *Sullivan's Admin. Managers II, LLC v. Guarantee Ins. Co.*, 2013 WL 12158619 at *1 (S.D. Ga. Apr. 25, 2013) (*citing Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)).

Here, plaintiff has provided absolutely no argument for why she

was unable to comply with the previously set deadlines to disclose experts. She argues that there was "confusion" but does not identify the source or nature of the confusion. Indeed, the Court is left to wonder why plaintiff waited until two months *after* the deadline to disclose her expert ran to seek clarification, when the parties have indicated the capability to request clarification from this Court in the past. Doc. 44. Moreover, the requested modification of the Scheduling Order would have set the deadline for plaintiff's expert witness report on March 30, 2019. Doc. 48 at 2. That date has come and gone without even a hint that the report is forthcoming. In total, these actions show a lack of diligence in seeking discovery which is not compatible with a finding of good cause to amend the Scheduling Order. Defendant's Motion for Extension of Time to Modify the Scheduling Order, doc. 48, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED,** this <u>4th</u> day of April, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia