FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2019 DEC 12 PM 1:07

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHANNON KRAESE, )
)
Plaintiff, )
)
v. ) CASE NO. CV417-166
)
JIALIANG QI and GD TOUR INC., )
)
Defendants. )
)

### O R D E R

Before the Court is Defendant GD Tour Inc.'s ("GD Tour") Motion for Partial Summary Judgment. (Doc. 49.) In its brief in support of its motion, Defendant GD Tour contends that "Plaintiff has failed to present any evidence in support of her claims for negligent hiring, training, and supervision, and for punitive damages . . ." and, therefore, Defendant is entitled to partial summary judgment as to those claims.[1] (Id. at 2.) After careful consideration, Defendant GD Tour's motion is **DENIED**.

---

[1] Plaintiff's amended complaint asserts claims for negligent hiring, retention, and supervision. (Doc. 14 at 4.) However, Defendant GD Tour and Plaintiff both incorrectly argue that Plaintiff asserted negligent training claims. (Doc. 49, Attach. 1 at 2; Doc. 53 at 2.) The Court will only address the claims that are before it—that is, negligent hiring, retention, and supervision claims.

## BACKGROUND

This case arises from a motor-vehicle accident in which a bus, driven by Defendant Jialiang Qi and owned by Defendant GD Tour, collided with the rear of another vehicle. (Id.) At the time of the accident, Defendant Qi was employed by Defendant GD Tour. (Id.) Plaintiff was a passenger on the bus and, as a result of the accident, suffered injuries. (Doc. 49, Attach. 1 at 1; Doc. 53 at 1.) Plaintiff brought suit in the State Court of Chatham County against Defendants Qi and GD Tour. (Doc. 1 at 1.) On September 7, 2017, Defendants invoked this Court's diversity jurisdiction and removed this case to this Court pursuant to 28 U.S.C. § 1332. (Id.)

Defendant GD Tour hired Defendant Qi in May 2016. (Doc. 49, Attach 5 at 2; Doc. 53 at 3.) Prior to applying with Defendant GD Tour, Defendant Qi worked for another commercial bus company for approximately 2-3 months. (Doc. 62 at 15.) Before hiring Defendant Qi, Defendant GD Tour required him to submit an employment application. (Id. at 19.) Along with his application, Defendant Qi was required to submit a copy of his commercial driver's license ("CDL"), drug test results, driving record, and medical card. (Doc. 49, Attach. 1 at 2.) Defendant GD Tour claims that Defendant Qi submitted all the required documentation, but Plaintiff asserts that the only documentation reviewed by Defendant GD Tour was Defendant Qi's CDL. (Doc. 49, Attach. 5 at 2; Doc. 54 at 2.)

On his application, Defendant Qi noted that he had one traffic violation for speeding in 2015. (Doc. 49, Attach. 2 at 41; Doc. 53 at 3; Doc. 62 at 20.) In his deposition, Defendant Qi clarified that this citation was for going 38 miles per hour over the speed limit. (Doc. 62 at 21.) Defendant Qi also acknowledged that his driving history report listed another citation for speeding from 2015 for going 18 miles per hour over the speed limit. (Id. at 21.) Defendant Qi did not recall why the citation for 38 miles per hour over the speed limit was listed on his employment application but the citation for 18 miles per hour was not listed. (Id. at 23.) Defendant Qi stated that both citations occurred while he was driving his personal vehicle. (Id. at 22.) Defendant Qi also testified that he obtained a copy of his driving history report from the Department of Motor Vehicles and provided the report to GD Tour. (Id. at 23.) The parties agree that Defendant Qi's driving record does not list any accidents involving personal injuries or property damage. (Doc. 49, Attach. 5 at 3; Doc. 54 at 2.)

After an applicant submits his application to Defendant GD Tour, its owner, Zhaojian Chen, makes the decision on whether to hire the applicant as a driver. (Doc. 64 at 12.) Mr. Chen cannot read English, (Id. at 5), therefore, an employee at Defendant GD Tour "does the paperwork" for Mr. Chen. (Id. at 10.) During the hiring process of Defendant Qi, this employee did not explain or translate the information on Defendant Qi's employment application

3

to Mr. Chen. (Id. at 12.) Additionally, Mr. Chen was unaware of Defendant Qi's traffic citation noted on his employment application. (Id. at 12.) According to Mr. Chen, Defendant GD Tour did not "pull" a driving report for Defendant Qi nor investigate Defendant Qi's driving history prior to hiring him. (Id. at 13.)

After being hired by Defendant GD Tour, Defendant Qi stated that the training he received involved him watching another GD Tour employee drive a bus. (Doc. 62 at 29.) According to Defendant QI, this training occurred at least twice prior to the accident at issue. (Id.) Defendant Qi also stated that, other than this training, Defendant GD Tour did not provide any other training to him. (Id. at 29-30.) In Mr. Chen's deposition, he testified that Defendant Qi drove the bus approximately 2-3 times with another driver observing him prior to the accident. (Doc. 64 at 10-11.) However, Mr. Chen confirmed that GD Tour did not provide any training to Defendant Qi. (Id at 11.) Defendant GD Tour's statement of material facts indicates that Defendant Qi was required to pass a Road Test Examination prior to being offered employment with GD Tour and provides the Court with Defendant Qi's exam results (Doc. 49, Attach 2, Attach. 5), but Plaintiff denies that an examination was required(Doc. 54 at 3). Mr. Chen was unaware if Defendant Qi was involved in any other moving violations while operating a GD Tour bus prior to the accident at issue. (Doc. 64 at 13.) After the accident at issue, Defendant GD Tour did not terminate or

punish Defendant Qi. (Doc. 62 at 24-25; Doc. 64 at 12-13.) Instead, Defendant Qi stopped working for Defendant GD Tour because of the injuries he sustained due to the accident. (Doc. 62 at 25.)

Now, Defendant GD Tour moves for partial summary judgment as to Plaintiff's claims for negligent hiring, retention, and supervision, as well as Plaintiff's claims for punitive damages. (Doc. 49, Attach. 1.) Plaintiff has responded in opposition to Defendant GD Tour's motion (Doc. 53) and Defendant GD Tour has replied to Plaintiff's response (Doc. 55). Defendant GD Tour's Motion for Partial Summary Judgment (Doc. 49) is ripe for review.

## STANDARD OF REVIEW

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citing Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323, 106 S. Ct. at 2553. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88, 106 S. Ct. at 1356. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id., 475 U.S. at 586, 106 S. Ct. at 1356. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw

more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

**ANALYSIS**

In support of its motion for partial summary judgment, Defendant GD Tour contends that partial summary judgment is appropriate because "Plaintiff has failed to present any evidence in support of her claims for negligent hiring, training, and supervision, and for punitive damages."[2] (Doc. 49, Attach. 1 at 2.) Specifically, Defendant GD Tour asserts that "Plaintiff's reliance on [Defendant Qi's] single speeding ticket is misplaced and cannot establish 'a serious violation' sufficient to support a claim for punitive damages." (Id. at 7.) According to Defendant GD Tour, due to the applicability of the respondeat superior doctrine, Plaintiff's negligent hiring, retention, and supervision claims, as well as Plaintiff's claim for punitive damages, fail as a matter of law. (Id.)

In response, Plaintiff argues that Defendant GD Tour "did not investigate [Defendant] Qi's driving history or other qualifications to operate a commercial passenger bus" and "failed

---

[2] Again, Plaintiff's amended complaint only brings claims for negligent hiring, retention, and supervision. (Doc. 14 at 4.) Therefore, the Court will only address these claims.

7

to train or supervise [Defendant] Qi in any way in his operation of the commercial passenger bus." (Doc. 53 at 6.) Specifically, Plaintiff asserts that Defendant GD Tour's owner, Mr. Chen, made the decision to hire Defendant Qi and "never reviewed [his] application" because Chen does not read English and did not have another employee explain the application to him. (Id. at 3.) As a result of Mr. Chen's inability to read English and Defendant GD Tour's failure to train Defendant Qi, Plaintiff argues that "there should be a jury question" on whether GD Tour's conduct is severe enough to authorize punitive damages on Plaintiff's negligent hiring, retention, and supervision claims.[3] (Id. at 2.)

Defendant GD Tour replies to Plaintiff's assertions by arguing that Plaintiff cannot point to evidence that Defendant GD Tour was aware that Defendant Qi was an unsafe driver. (Doc. 55 at 2.) Additionally, Defendant GD Tour argues that although its owner cannot read English, he verified the contents of Defendant Qi's employment application through alternative means. (Id. at 2.) In arguing this, Defendant GD Tour attempts to identify a portion of Mr. Chen's deposition that states "we did investigate report send (sic)." (Id. at 2.) Yet, Defendant GD Tour fails to quote the

---

[3] In her response, Plaintiff makes an argument regarding a negligent entrustment claim against Defendant GD Tour. (Doc 53 at 5-6.) However, Plaintiff does not assert a claim for negligent entrustment against Defendant GD Tour in her amended complaint. (Doc. 14.) Therefore, the Court will not address this argument.

remaining portion of Mr. Chen's deposition where he expressly states that GD Tour did not investigate Defendant Qi's driving record. (Doc. 64 at 13.) Defendant GD Tour also fails to identify the alternative means by which Mr. Chen reviewed Defendant Qi's employment application.

In this case, Defendant GD Tour admits that Defendant Qi "was operating within the course and scope of his employment with GD Tour at the time of the subject accident, and that if Qi is found negligent, GD Tour may be held liable under the theory of respondeat superior." (Doc. 49, Attach. 1 at 3.) "Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent hiring, retention, supervision, training, and entrustment." Hamlett v. Carroll Fulmer Logistics Corp., No. CV415-001, 2016 WL 5844486, at *4 (S.D. Ga. Sept. 30, 2016). "The rationale for this is that, since the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent hiring, retention, supervision, training, and entrustment would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer." Id. at *5. However, "where a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee . . . the employer is not entitled to summary judgment on the negligent hiring, retention, supervision, training, and

entrustment claims." Id. (quoting Durben v. Am. Materials, Inc., 232 Ga. App. 750, 751, 503 S.E.2d 618, 619 (Ga. Ct. App. 1998)).

Since Defendant GD Tour admits the applicability of respondeat superior liability, if Plaintiff's claim for punitive damages fail as a matter of law, Defendant GD Tour would be entitled to summary judgment on Plaintiff's claims of negligent hiring, training, and retention. Ellis v. Old Bridge Transport, LLC, No. 4:11-CV-78, 2012 WL 6569274, at *1 (M.D. Ga. Dec. 17, 2012). Consequently, the Court must first determine whether a genuine issue of material fact exists so as to create a jury question on Plaintiff's claims for punitive damages. Id. The Court finds that a genuine issue of material fact does exist.

To establish a claim for punitive damages, a plaintiff is required to show "[c]lear and convincing evidence of a defendant's 'willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.' " Durben, 232 Ga. App. at 751, 503 S.E.2d at 619 (citing O.C.G.A. § 51-12-5). "A plaintiff can sustain a claim for punitive damages for negligent hiring, supervision, and retention, 'only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or at the very least, when the employer has flouted a legal duty to check a record showing such violations.' " Ortiz v. Wiwi, No. 3:11-CV-000333, 2012 WL 4468771, at *3 (M.D. Ga. Sept. 12,

10

2012) (quoting W. Indus. Inc. v. Poole, 280 Ga. App. 378, 380, 634 S.E.2d 118, 121 (Ga. Ct. App. 2006)).

"Georgia courts have granted summary judgment on punitive damages where the evidence shows that the employer complied with federal regulations and investigated the background of its drivers." Ortiz, 2012 WL 4468771, at *3. See also Hamlett, 2016 WL 5844489, at *5-6 (finding evidence insufficient to award punitive damages on a negligent hiring claim where employer complied with federal regulations and investigated driver's record despite driver's record showing two accidents); Ballard v. Keen Transport, Inc., No. 4:10-cv-54, 2011 WL 203378, at *3 (S.D. Ga. Jan. 19, 2011) (finding evidence insufficient to award punitive damages on plaintiff's negligent hiring, retention, and supervision claims where employer investigated the driver's driving history); but see Smith v. Tommy Roberts Trucking Co., 209 Ga. App. 826, 828, 435 S.E.2d 54, 57 (Ga. Ct. App. 1993) (finding punitive damages may be awarded when the employer fails to check an employee's driving record prior to hiring as required by federal rules and regulations).

In this case, Plaintiff has presented evidence that Defendant GD Tour ignored its legal duty to investigate Defendant Qi's driving record prior to hiring Defendant Qi as a driver. In Mr. Chen's deposition, testifying on behalf of Defendant GD Tour, he stated that he alone makes the hiring decisions for Defendant GD

11

Tour. (Doc. 64 at 12.) However, Mr. Chen also testified that he cannot read English and did not ask another employee to translate Defendant Qi's employment application for him. (Id.) Moreover, Mr. Chen admitted that Defendant GD Tour did not investigate Defendant Qi's driving record at all prior to hiring Defendant Qi. (Id. at 13.) Although Defendant GD Tour did require Defendant Qi to submit a copy of his CDL, medical card, and drug test results, Mr. Chen admitted that Defendant GD Tour did not review these documents as part of its hiring process. (Id.) By pointing to Mr. Chen's testimony, Plaintiff has created an issue of fact as to whether Defendant GD Tour consciously disregarded its duty to investigate Defendant Qi's driving record.

Along with evidence that Defendant GD Tour completely failed to review Defendant Qi's driving record, Plaintiff has pointed to evidence creating an issue of fact as to whether Defendant GD Tour observed Defendant Qi driving a bus prior to hiring him. In their depositions, Defendant Qi and Mr. Chen provided different accounts of how Defendant GD Tour supervised Defendant Qi prior to allowing him to drive a GD Tour bus on his own. Defendant Qi stated that he observed other drivers on their routes two or three times prior to driving his own bus. (Doc. 62 at 29.) Yet, Mr. Chen testified that another driver observed Defendant Qi drive a GD Tour bus two or three times prior to Defendant Qi driving on his own. (Doc. 64 at 10-11.) As a result of these inconsistencies, the Court finds that

Plaintiff has presented sufficient evidence to raise the presumption of a conscious indifference to consequences on the part of Defendant GD Tour such that a jury should decide the question of whether punitive damages are appropriate for Plaintiff's negligent hiring, retention, and supervision claims.

## CONCLUSION

For the foregoing reasons, Defendant GD Tour's Motion for Partial Summary Judgment (Doc. 49) is **DENIED**. Accordingly, Plaintiff's claims for negligent hiring, retention, and supervision and punitive damages remain pending.

SO ORDERED this __10th__ day of December 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA