UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SHANNON KRAESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV417-166 |
| | ) |
| JIALIANG QI, and GD TOUR, INC., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This case, which was removed from the State Court of Chatham County, Georgia, concerns plaintiff's alleged injury from an automobile collision on Interstate 95. *See generally* doc. 1-2 at 4–8 (state court Complaint), doc. 1 (Removal). The District Judge denied defendant GD Tour Inc.'s motion for partial summary judgment. Doc. 66. The parties are now engaged in a multivalent dispute over the testimony of plaintiff's treating physician, Dr. Stanley Dennison. *See* docs. 67, 69, 70, 71. Defendants' motion to limit the scope of Dr. Dennison's testimony, construed as a motion *in limine*, remains before the District Judge. This Order is limited to plaintiff's request to take his "trial deposition." Doc. 67.

Plaintiff's motion states only that Dr. Dennison practices in Tampa, Florida and is "unable to travel to Savannah, Georgia," for trial of this case. *Id.* at 1. The motion cites no legal authority and provides no explanation for why Dr. Dennison would be "unable" to travel to testify at trial, which currently remains unscheduled. Defendants' opposition interposed a further motion to limit the scope of Dr. Dennison's testimony. *See* doc. 69 at 2. To the extent that defendants' filing was a "response" to plaintiff's original perfunctory motion, however, it was some 40 days out-of-time. *See* S.D. Ga. L. Civ. R. 7.5 (requiring responses to motion be filed within 14 days and construing failure to timely respond as nonopposition). Plaintiff's reply does little to bolster the factual or legal basis for permitting Dr. Dennison's deposition. *See* doc. 70. It only asserts, again, Dr. Dennison's residence in Tampa and that testimony by deposition would "not remove him from his practice and the community during the trial." *Id.* at 1. Whether or not the Court considers defendants' untimely opposition, plaintiff's motion is manifestly insufficient to establish her entitlement to the relief requested.

Plaintiff's request to depose Dr. Dennison—in fact, to re-depose him as discussed below—faces several obstacles. The Court assumes that

plaintiff would not be inclined to take the "trial deposition" if it cannot be used at trial. Thus, the Court first considers whether plaintiff has presented a sufficient basis to warrant admission of the deposition, whether as a transcript or video recording, in lieu of Dr. Dennison's live testimony. As discussed below, she has not. If, however, she merely seeks to *take* the deposition whether or not it is subsequently deemed admissible, her motion suggests, correctly albeit without any explanation, that she needs the Court's leave. The question, then, is whether her motion provides adequate grounds for the Court to give leave. Given that the requested deposition would constitute a second, out-of-time deposition, she has not. Whether plaintiff's motion is construed as a request merely to hold the deposition, in the hopes that it *might* be admissible at trial, or a request to hold it and for a finding that the deposition *would* be admissible at trial, it must be, and is, **DENIED**.[1] Doc. 67.

---

[1] The combined effect of these defects also renders defendants' clear violation of the Court's Local Rules' deadline to respond moot. The Court might construe their failure to object to a request for leave to conduct a second deposition as a stipulation under Rule 29. *See* Fed. R. Civ. P. 29(a). Consent might avoid the problem that the proposed deposition would constitute a second deposition of Dr. Dennison. It would do nothing, however, to resolve the fact that the Scheduling Order's deadline for depositions has passed or to support admission of a deposition in lieu of live testimony.

The Federal Rules of Civil Procedure provide explicit guidance on when deposition testimony may be used in lieu of live testimony:[2] Rule 32 expressly governs "[u]sing [d]epositions in [c]ourt [p]roceedings." Fed. R. Civ. P. 32. Before examining the specific application of the Rule, it is important to note that "live witness testimony is axiomatically preferred to depositions. . . ." *McDowell v. Blankenship*, 759 F.3d 847, 852 (8th Cir. 2014); *see also, e.g., Banks v. Yokemick*, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live."); *Bobrosky v. Vickers*, 170 F.R.D. 411, 413 (W.D. Va. 1997) ("Rule 32 assumes that under normal circumstances the deposition of a witness will *not* be used at trial in lieu of that witness's live testimony."); *cf. Napier v. Bossard*, 102 F.2d 467. 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."). Given the clear preference for live testimony, the party seeking to substitute deposition bears the burden of establishing the exception. *See, e.g., Swearingen v. Gillar Home Health*

---

[2] Based on their briefs, the parties seem blissfully unaware that the Rules provide a specific rubric for considering such requests. Despite Rule 32's fairly clear application to plaintiff's request, neither party cited it, even once, in any of their four briefs on the issue.

4

*Care, L.P.*, 759 F. App'x 322, 324 (5th Cir. 2019) ("The party who wishes to use the deposition has the burden of showing the unavailability of the witness." (citation omitted)).

As a prominent treatise succinctly puts it: "[i]f it is desired to use the deposition of a person other than an adverse party for substantive evidence . . . the conditions of Rule 32(a)(4) must be satisfied." *See* 8A RICHARD L. MARCUS, FED. PRAC. & PROC. CIV. § 2146 (3d ed. 2020). The Court assumes, though the plaintiff never says so, that she contends that Dr. Dennison is an "unavailable witness," under Rule 32(a)(4). Plausibly, Dr. Dennison might constitute an "unavailable witness" based on either his distance from Savannah, Georgia or under the Rule's "exceptional circumstances" provision. *See* Fed. R. Civ. P. 32(a)(4)(B), (E). Plaintiff's bare-bones presentation has not established that Dr. Dennison is unavailable under any of the Rule's provisions.

A witness may be "unavailable" for purposes of Rule 32 if he "is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). The Court might take judicial notice of the fact that Tampa, Florida is more than 300

5

miles from Savannah, Georgia. *See, e.g., Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970) (explaining that the court was entitled to take judicial notice that the distance between two cities exceeded the Rule's 100-mile threshold). However, courts have frequently rejected proffers of deposition testimony as premature when the witness's location at the time of trial could not be established. *See, e.g., Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, (N.D. Iowa 2013) (noting that assertions that witness would be unavailable were " 'premature,' because we will not know if these conditions obtain at the time that [the witness's] deposition is offered until the deposition is, in fact, offered." (citation omitted); *Niver v. Travelers Indem. Co. of Il.*, 430 F. Supp. 2d 852, 866 (N.D. Iowa, 2006) (citing, *inter alia*, *Hartman v. United States*, 538 F.2d 1336, 1345 (8th Cir. 1976)); *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 383 (S.D.N.Y. 1981) (although, in protracted litigation, "the time at which the deponent's location should be examined should extend beyond the time of offering," that examination was still limited to "any time during presentation of proponent's case when a trial subpoena could

have been served."). Since no trial has been scheduled[3] in this matter, any assertion as to Dr. Dennison's location during that trial is no more than speculative.

The other condition, contemplated by the Rule, which might make Dr. Dennison "unavailable" is the catch-all provision in Rule 32(a)(4)(E). That subsection permits the use of a deposition in lieu of testimony "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." *Id*. Certainly, plaintiff's motion satisfies the Rule's notice requirement. Moreover, courts have recognized that this provision "grants the district court considerable discretion" in determining whether deposition testimony is admitted. *McDowell*, 759 F.3d at 851. The "exceptional circumstances" required, however, are those where the testimony is "impossible or highly impracticable." *Id*. The *McDowell* court found such circumstances when the proposed witness at a trial in the Eastern District of Missouri was "employ[ed] in Afghanistan." *Id*. Tampa is not quite so

---

[3] The District Judge has directed the parties to submit proposed pretrial orders by no later than August 13, 2020. *See* doc. 72.

far afield from Savannah. Neither have courts recognized doctors' often busy schedules as, alone, sufficient to create an exceptional circumstance. *See Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 963 (10th Cir. 1993) (doctor's protestation that he "would be 'extremely busy' during the time scheduled for his testimony" was not an exceptional circumstance requiring admission of deposition testimony); *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990) (noting that the state rule making doctors " 'automatically unavailable'" did not apply to application of Rule 32(a)(3)(E)). The Court, therefore, cannot find that plaintiff has shown an exceptional circumstance warranting admission of Dr. Dennison's deposition testimony in lieu of his live testimony.

Although it is clear that plaintiff has not, presently, provided any basis to admit Dr. Dennison's deposition testimony, the motion might—if the request for a "*trial* deposition" is ignored—be construed to seek only leave to take it. Rule 32 provides a procedural means to admit deposition testimony from an unavailable witness. It says nothing, however, about whether any deposition might be taken. Rule 30, then, must determine whether plaintiff may depose Dr. Dennison now to (hypothetically) introduce his testimony at trial. Rule 30 requires a party to seek the

8

Court's leave before deposing a witness, among other circumstances, if the parties have not stipulated to the deposition and "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Plaintiff's response clearly indicates that Dr. Dennison has already been deposed. *See* doc. 70 at 4 ("Dr. Dennison was deposed on July 19, 2018," during the Scheduling Order's discovery period). Plaintiff's motion does not suggest that defendants' consent to the requested deposition and their opposition, albeit untimely, supports the inference that they did not stipulate to it. Doc. 69. Plaintiff would need the Court's leave, then, before deposing Dr. Dennison a second time.

The Court has searched plaintiff's briefs in vain for *any* discussion of the application of Rule 30 to her request. Plaintiff, to be sure, mentions the prior deposition, but either omits or overlooks the significance of that fact to her motion. If plaintiff believes that there remains, under the Federal Rules, some difference between trial depositions,[4] often referred to as "*de benne esse*" depositions, and discovery depositions, she is mistaken. *See, e.g., Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362

---

[4] As discussed above, plaintiff has cited no authority related to the propriety of the requested deposition, however, her motion does refer to it as "the [t]rial [d]eposition" of Dr. Dennison. *See* doc. 67 at 1.

9

n. 8 (11th Cir. 2002); *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 691 (S.D. Fla. 2014) (denying a party's request to take "trial depositions" after the close of discovery, and noting the refusal to distinguish between discovery and trial depositions "is the widely accepted view by federal courts throughout the country." (citations omitted)). Discovery in this case closed on August 17, 2018. The Court has already denied one motion to modify that schedule, doc. 52, and sees no more reason to modify it now. To the extent that the Court's leave is required before plaintiff could conduct the deposition, the Court sees no basis to grant it. *See, e.g., Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 239 (S.D.N.Y. 2002) (whether to permit a second deposition is discretionary).

Plaintiff has failed to present *any* reason for the Court to grant her leave to conduct a second out-of-time deposition of Dr. Dennison. The Court might regard defendants flagrant disregard for the Local Rules' deadline to respond as having waived any objection to taking such a deposition. Even if it did so, however, plaintiff's request to conduct it as a "trial deposition," *i.e.* a deposition which would be admissible at trial in lieu of live testimony, is manifestly inadequate. Plaintiff's motion is, therefore, **DENIED**. Doc. 67.

To the extent that Dr. Dennison's unavailability can be established once trial is scheduled, plaintiff is free to renew her motion to admit testimony from his original deposition in lieu of his appearance at trial. If plaintiff wishes to depose Dr. Dennison a second time, and contends that defendants' disregard for the Local Rules' response deadline waived their objection to such a deposition, she is free to renew her request, with the understanding that the admissibility of such testimony is not guaranteed.

**SO ORDERED,** this 16th day of July, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA